UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | Case No.: 1:17-cv-01404-SAB (PC) |
| Plaintiff, | |
| v. | ORDER STRIKING AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT IN ENGLISH LANGUAGE WITHIN THIRTY DAYS |
| L. ARAKAKI, et al., | |
| Defendants. | [ECF No. 16] |

Plaintiff Rogelio May Ruiz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2017, this action was transferred to this Court by the United States District Court for the Northern District of California.

Currently before the Court is Plaintiff's amended complaint, filed on September 22, 2017. (ECF No. 16.) The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In reviewing Plaintiff's amended complaint, it appears that he is attempting to bring a claim against L. Arakaki and F. Hanna for denial of appropriate dental treatment. However, with the exception of a few filled-in blanks and a one page letter to the court attempting to outline his allegations, Plaintiff's amended complaint is not written in the English language.

Plaintiff is advised that all federal court filings must be in the English language. The Court cannot provide Plaintiff with translated documents, nor will it translate his documents from Spanish to

1

English. While Plaintiff submits that he has difficulty with the English language, it is in the discretion of prison officials to best determine how to ensure that "inmate with language problems have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Lewis v. Carey, 518 U.S. 343, 356 (1996). The use of jailhouse lawyers is one recognized avenue available to ensure that non-English speaking and/or illiterate inmates have meaningful access to the courts. Id. at 356-57. Plaintiff should seek assistance at his institution for translation services, and is not precluded from filing any motion for a reasonable extension of time to comply with this order, if necessary.

To assist Plaintiff in presenting a claim for deliberate indifference to his dental needs, the Court will provide Plaintiff with the applicable legal standard. While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint, filed September 22, 2017 (ECF No. 16), is STRICKEN from the record as not written in the English-language;

2. The Clerk Office shall send Plaintiff an amended civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint in the English-language; and

4. Plaintiff is warned that failure to comply with this order will result in dismissal of the action.

IT IS SO ORDERED.

Dated: **October 19, 2017**

UNITED STATES MAGISTRATE JUDGE