UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>  v.<br><br>L. ARAKAKI, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01404-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 38] |

Plaintiff Rogelio May Ruiz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed April 5, 2018.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendants L. Arakaki and F. Hanna for deliberate indifference to a serious dental need in violation of the Eighth Amendment.

On April 5, 2018, Defendants filed a motion to dismiss the action for failure to state a cognizable claim for relief. (ECF No. 38.) Plaintiff filed an opposition on April 19, 2018, and Defendants filed a reply on April 26, 2018. (ECF Nos. 37, 38.)

Therefore, Defendants' motion to dismiss is deemed submitted for review, without oral argument. Local Rule 230(l).

1

## II.

## LEGAL STANDARD

A motion to dismiss, based on res judicata grounds, is properly made under Federal Rule of Civil Procedure 12(b)(1). Gupta v. Thai Airways Intern., Ltd., 487 F.3d 759, 763 (9th Cir. 2007). However, the court applies California law on claim preclusion to cases brought in federal court under 42 U.S.C. § 1983. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

///

///

# III.

# DISCUSSION

### A. Summary of Plaintiff's Complaint

Plaintiff names Doctors Arakaki and Hanna who are both dentists. When Plaintiff transferred to Corcoran State Prison (CSP), Dr. Arakaki made an appointment for a root canal to be conducted on teeth numbers twenty-five, twenty-seven, and twenty-eight. (Sec. Am. Compl. at 4; ECF No. 29.) However, when Plaintiff arrived at his appoint Dr. Hanna told him to sign a form authorizing extraction of the teeth instead. (Id.) Dr. Hanna told Plaintiff that if he refused to sign the consent form, it would be his last appointment. (Id.) When Plaintiff asked why the root canal surgery would not be conducted, Dr. Arakaki said it was because Dr. Hanna did not want to allow the treatment to continue. (Id. at 8.) Plaintiff refused to sign the form and refused the extraction. (Id. at 4, 8.) Drs. Arakaki and Hanna have not fixed Plaintiff's teeth and insisted only on extracting them. (Id. at 9.)

### B. Analysis of Defendants' Motion

Defendants argue that Plaintiff has alleged no facts to indicate a culpable state of mind on the part of Defendants or that the course of treatment they offered was medically unacceptable under the circumstances.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need"

and the indifference caused harm. Jett, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations that Defendants initially indicated that a root canal would be provided, but then ordered extraction only without any explanation and without any other dental treatment is sufficient, at the pleading stage, to state a cognizable claim for deliberate indifference. While Defendants are correct a mere difference of opinion does not amount to deliberate indifference, the allegations in Plaintiff's complaint plausibly amount to more than a difference of opinion based on the allegations that extraction of his teeth was medically unacceptable under the circumstances. Based on Plaintiff's factual allegations, viewed in the light most favorable to him, he states a cognizable claim for deliberate indifference to his dental needs against Defendants Doctors Arakaki and Hanna. It remains possible for Plaintiff to prove that extraction was ordered in conscious disregard to his dental health.

Defendants citation to Powell v. Marlais, 2016 WL 5462443 (N.D. Cal. Sept. 28, 2016) and Dixon v. Bannister, 854 F.Supp.3d 1136 (N. Nev. 2012) in support of their argument that Plaintiff has shown nothing more than a difference of opinion and lack of subjective knowledge, is inapposite. In Powell and Dixon, the determinations of whether the dentists were deliberately indifferent to the plaintiff's serious dental needs were decided at the summary judgment stage, not the pleading stage.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 17, 2018**

UNITED STATES MAGISTRATE JUDGE