# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, <br><br> Plaintiff, <br><br> v. <br><br> L. ARAKAKI, et al., <br><br> Defendants. | Case No. 1:17-cv-01404-AWI-SAB (PC) <br><br> ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL <br><br> (ECF No. 52) |

Plaintiff Rogelio May Ruiz is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third motion for appointment of counsel, filed on November 22, 2019. (ECF No. 52.) Plaintiff asserts that the Court should appoint counsel who speaks Spanish to represent and interpret for him in this case because he only speaks Spanish and he does not know, or understand, the court rules or terminology.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Specifically, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.").

Further, "[a]n inability to speak, write and/or under English, in and of itself, does not automatically give a [inmate] reasonable cause for failing to know about the legal requirements for filing his claims." Hernandez v. Soto, No. CV 15-01374-PSG (AS), 2015 WL 5553543, at *7 (C.D. Cal. Sept. 14, 2015) (quoting Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002)). Plaintiff's inability to read and/or write English is not an extraordinary circumstance, and a review of the record demonstrates that Plaintiff has been able to communicate and respond to court orders.[1]

///

---

[1] Indeed, the Court takes judicial notice of several cases filed by Plaintiff in which he has litigated in English, whether by use of a translator or otherwise. See Ruiz v. Oliveira, No. 17-cv-1914-DMS (NLS) (S.D. Cal.); Ruiz v. McGuire, No. 16-cv-0388-AJB-BLM (S.D. Cal.); Ruiz v. Curry, No. 17-cv-01407-DAD-SKO (E.D. Cal.); and Ruiz v. Curry, No. 17-cv-01454-DAD-SAB (E.D. Cal.).

Accordingly, Plaintiff's third motion for appointment of counsel, (ECF No. 52), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**November 25, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE