# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. ARAKAKI, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01404-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 47] |

Plaintiff Rogelio May Ruiz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment, filed September 4, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants L. Arakaki and F. Hanna for deliberate indifference to a serious dental need in violation of the Eighth Amendment.

On November 1, 2018, Defendants filed an answer to the complaint.

As previously stated, on September 4, 2019, Defendants filed the instant motion for summary judgment. Plaintiff filed an opposition on November 22, 2019, and Defendants filed a reply on

1

December 2, 2019. Accordingly, Defendants' motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d at 942 (quotation marks and citation omitted).

## III.

## DISCUSSION

### A.    Summary of Plaintiff's Complaint

Plaintiff went to his dental appointment with Dr. Arakaki for a root canal. According to Plaintiff, in July 2017, Dr. Arakaki was going to kill the nerves in some of Plaintiff's teeth to save them from extraction. However, Dr. Arakaki did not complete the treatment for Plaintiff's teeth

because he requested that Plaintiff sign a form consenting to extraction because they were worn down. Plaintiff refused to sign the consent form and was therefore not provided any further dental treatment. Dr. Arakaki advised Plaintiff that supervising Dr. Hanna did not want to continue Plaintiff's treatment. Plaintiff was left with a temporary root canal but the treatment was never completed.

**B.     Statement of Undisputed Facts**

1. In early 2017, Plaintiff's tooth #27 and #28 had severe attrition, apical abscess (inflammation of the tooth's root), and occlusal bruxism (damage from grinding teeth) with severe occlusal wearing. (Declaration of L. Arakaki ("Arakaki Decl.") ¶ 5, Ex. A; ECF No. 47-4; Declaration of F. Hanna ("Hanna Decl.") ¶ 5, Ex. A; ECF No. 47-5.)

2. In early 2017, non-party dentists at Salinas Valley State Prison (SVSP) recommended extraction of tooth #27 and #28. (Id.)

3. In early 2017, Plaintiff refused SVSP dentists' recommended extraction of tooth #27 and #28 multiple times. (Id.)

4. Plaintiff was transferred to Corcoran on May 10, 0217. (Arakaki Decl. ¶ 6, Ex. B; Hanna Decl. ¶ 6, Ex. B.)

5. Dr. Arakaki saw Plaintiff on June 1, 2017. (Arakaki Decl. ¶ 7, Ex. A; Hanna Decl. ¶ 7, Ex. A.)

6. Plaintiff complained of severe tooth pain on June 1, 2017. (Arakaki Decl. ¶ 7, Ex. A; Hanna Decl. ¶ 7, Ex. A.)

7. On June 1, 2017, Dr. Arakaki noted Plaintiff's irreversible pulpitis in tooth #25 and #27 and recommended a root canal for those teeth (cleaning and removal of the nerve/pulp inside of the tooth). (Arakaki Decl. ¶ 7, Ex. A; Hanna Decl. ¶ 7, Ex. A.)

8. On June 12, 2017, Plaintiff was seen by a non-party dentist. (Arakaki Decl. ¶ 8, Ex. A; Hanna Decl. ¶ 8, Ex. A.)

9. On June 12, 2017, Plaintiff was scheduled for a root canal of tooth #25, however, because Plaintiff's biannual comprehensive exam had a compliance date of June 22, 2017, the root canal was rescheduled and Plaintiff received a comprehensive exam and x-rays.

10. On June 26, 2017, non-party Dr. Buenafe performed the root canal on tooth #25.

(Arakaki Decl. ¶ 9, Ex. A; Hanna Decl. ¶ 9, Ex. A.)

11. Per Division of Health Care Services (DHCS) policy, root canals of the upper and lower six anterior teeth (which includes #25 and 27) are only performed when: (1) the retention of the tooth is necessary to maintain the integrity of the dentition; (2) the tooth has adequate periodontal support and a good prognosis for long-term retention and restorability; (3) the tooth is restorable using CDCR approved methods and materials and does not require extensive restoration including either a pin or post retained core build up; and (4) there is adequate posterior occlusion, either from natural dentition or a dental prosthesis, to provide protection against traumatic occlusal forces. (Hanna Decl. ¶ 11, Ex. C.)

12. Per DHCS policy, root canals of the posterior teeth (which includes #28) are only performed when: (1) the retention of the tooth is necessary to maintain the integrity of the dentition; (2) the tooth has adequate periodontal support and a good prognosis for long-term retention and restorability; (3) the tooth is restorable using CDCR approved methods and materials and does not require extensive restoration including either a pin or post retained core build up; (4) there is adequate posterior occlusion, either from natural dentition or a dental prosthesis, to provide protection against traumatic occlusal forces; (5) the tooth in question is vital to the patient's masticatory ability; and (6) the tooth in question is essential as an abutment for an existing removable cast partial denture or is necessary as an abutment on a proposed removable cast partial denture for that arch. (Hanna Decl. ¶ 11, Ex. C.)

13. On July 6, 2017, following Plaintiff's comprehensive exam and x-rays, Supervising Dentist Dr. Hanna recommended extraction of tooth #27 and #28. (Arakaki ¶ 10, Ex. A; Hanna Decl. ¶ 12, Ex. A.)

14. Based on Dr. Hanna's education, training, and experience, extraction of tooth #27 was clinically indicated because the tooth was too badly damaged and had a very poor prognosis for long-term retention and restorability, even if a root canal was performed. (Hanna Decl. ¶ 12, Ex. C.)

15. Based on Dr. Hanna's education, training, and experience, extraction of tooth #28 was

clinically indicated because the tooth was badly damaged and root canals of that tooth are not medically necessary and excluded by policy because that tooth is not necessary to maintain the integrity of the detention or vital to mastication (chewing). (Hanna Decl. ¶ 12, Ex. C.)

16. The plan on July 6, 2017, was to provide Plaintiff a partial denture once extraction was completed (the partial denture would also cover tooth #26, which was extracted at SVSP). (Arakaki Decl. ¶ 10; Hanna Decl. ¶ 12.)

17. On July 6, 2017, Plaintiff submitted appeal log number COR-HC-17062354, appealing the decision to extract tooth #27 and #28, and requesting a root canal instead.

18. Doctors Hanna and Arakaki provided the first level response to appeal log number COR-HC-17062354 on August 2, 2017. (Arakaki Decl. ¶ 11, Ex. C; Hanna Decl. ¶ 13, Ex. D.)

19. Doctors Hanna and Arakaki partially granted Plaintiff's appeal log number COR-HC-17062354 and submitted his request for a root canal of tooth #27 and #28 to the Dental Authorization Review (DAR) Committee for a final decision. (Arakaki Decl. ¶ 11, Ex. C; Hanna Decl. ¶ 13, Ex. D.)

20. The DAR committee reviews treatment recommendations for special dental care needs and evaluates requests for deviations from treatment policy, otherwise excluded dental services, medically necessary treatment that requires a contract specialist to provide treatment at the local institution, and medically necessary treatments or consultations that cannot be accomplished at the local institution. (Arakaki Decl. ¶ 12; Hanna Decl. ¶ 14.)

21. On July 12, 2017, Plaintiff submitted appeal log number COR-HC-17062555, requesting the removal and replacement of a filling in tooth #25. (Hanna Decl. ¶ 15, Ex. E.)

22. Dr. Arakaki saw Plaintiff on August 22, 2017. (Arakaki Decl. ¶ 13; Hanna Decl. ¶ 16.)

23. Dr. Hanna concurred with Dr. Arakaki's August 22, 2017, treatment recommendation. (Hanna Decl. ¶ 16.)

24. On August 23, 2017, the DAR committee reviewed Plaintiff's case and determined that a root canal was not an appropriate form of treatment for Plaintiff's tooth # 27 and #28, and that the appropriate treatment was extraction. (Arakaki Decl. ¶ 14, Ex. A; Hanna Decl. ¶ 17, Ex. A.)

25. On September 12, 2017, Dr. Arakaki saw Plaintiff and he refused the recommended extraction of tooth #25. (Arakaki Decl. ¶ 15, Ex. A; Hanna Decl. ¶ 18, Ex. A.)

26. On September 14, 2017, non-party Dr. Buenafe and Dr. Hanna provided the first level response to appeal log number COR-HC-17062555. (Hanna Decl. ¶ 15, Ex. E.)

27. Doctors Buenafe and Hanna partially granted Plaintiff's appeal log number COR-HC-17062555 and explained that there was no clinical reason to replace the filling in tooth #25 because the tooth required extraction. (Hanna Decl. ¶ 19, Ex. E.)

28. On September 22, 2017, Plaintiff saw non-party Dr. Buenafe (who had previously performed the root canal on tooth #25). (Arakaki Decl. ¶ 16, Ex. A; Hanna Decl. ¶ 20, Ex. A.)

29. On September 22, 2017, Dr. Buenafe noted that Plaintiff was still experiencing pain in tooth #25, but was refusing recommended extraction of that tooth, in addition to tooth #27 and #28. (Arakaki Decl. ¶ 16, Ex. A; Hanna Decl. ¶ 20, Ex. A.)

30. On October 5, 2017, Plaintiff was transferred to KVSP. (Arakaki Decl. ¶ 17, Ex. B; Hanna Decl. ¶ 21, Ex. B.)

### C. Analysis of Defendants' Motion

Plaintiff contends that non-party dentists extracted tooth #26 because it was "worn down." However, Plaintiff did not want his other "worn down" teeth extracted (#25, 27, 28), and he refused to consent to the extraction that was offered by Defendants Drs. Arakaki and Hanna. Plaintiff contends that Dr. Hanna advised Dr. Arakaki to not complete Plaintiff's root canal treatment.

Defendants argue Plaintiff cannot meet either the objective or subjective component necessary to establish deliberate indifference against them, and even if their dental care violated the Constitution, they are entitled to qualified immunity.

Plaintiff contends that he was not experiencing increased pain in tooth #25, and although his teeth were infected, extraction of tooth #25, #27, and #28 was unnecessary because his pain in tooth #25 went away after he received a new filing, and his teeth are currently in good state. (Pl. Opp'n at pp. 2-3, ECF No. 52.)

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference

requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Having carefully reviewed the evidence, the Court finds that no reasonable jury could find that Defendants' responses and recommendations relating to Plaintiff's dental needs amounted to deliberate indifference. "Per DHCS policy, root canals of the posterior teeth which includes #28) are only performed when: (1) the retention of the tooth is necessary to maintain the integrity of the dentition; (2) the tooth has adequate periodontal support and a good prognosis for long-term retention and restorability; (3) the tooth is restorable using CDCR approved methods and materials and does not require extensive restoration including either a pin or post retained core build up; (4) there is adequate posterior occlusion, either from natural dentition or a dental prosthesis, to prove protection against traumatic occlusal forces; (5) the tooth in question is vital to the patient's masticatory ability; and (6)

the tooth in question is essential as a abutment for an existing removable cast partial denture or is necessary as a abutment on a proposed removable cast partial denture for that arch. (Hanna Decl. ¶ 11, Ex. C.)

The undisputed evidence demonstrates that multiple non-party dentists at SVSP recommended extraction of tooth #27 and #28. After conducting a comprehensive exam and x-rays, Dr. Hanna recommended extraction of tooth #27 as clinically indicated based on his education, training and experience, because the tooth was too badly damaged and had a very poor prognosis for long-term retention and restorability, even if a root canal were performed. Also, after an extensive examine and x-rays, Dr. Hanna recommended extraction of tooth #28 as clinically based on his education, training and experience, because the tooth was badly damaged and root canals of that tooth are not medically necessary and excluded by policy because that tooth is not necessary to maintain the integrity of the dentition or vital to mastication (chewing). Plaintiff appealed the decisions to extract tooth #27 and #28 and requested a root canal, and Drs. Hanna and Arakaki submitted the request to the DAR Committee, which determined that a root canal was not an appropriate treatment, and that the teeth required extraction.

Although Dr. Arakaki recommended extraction of tooth #25, he did so after Plaintiff's complaints of pain following the root canal. Plaintiff contends that he did not have pain in this tooth and never complained to Dr. Arakaki of such pain. Plaintiff contends that he was not experiencing increased pain in tooth #25 and, in fact, had very little pain; however, Plaintiff's dental records reflect that he informed Dr. Arakaki through a translator that his "pain got worse" after his root canal and Plaintiff also told non-party Dr. Buenafe that he had "a lot of pain" in the lower anterior where tooth #25 is located. (Arakaki Decl., Ex. A, Bates 13, 15.) Because Plaintiff is not a native English speaker, it is possible that there was a misunderstanding between Plaintiff and doctors Arakaki and Buenafe during their respective encounters. However, it is undisputed that Dr. Arakaki believed that Plaintiff was complaining of pain and based on such complaint he recommended extraction. Plaintiff has failed to provide evidence that Dr. Arakaki acted out of a non-medical motive or for reasons unrelated to his dental conditions. In addition, Plaintiff has failed to present evidence to demonstrate that the recommendation of Drs. Arakaki and Hanna were medically unacceptable based on the information

8

available to them at that time, and there is no genuine issue of material fact. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (Plaintiff must show that the course of treatment was medically unacceptable under the circumstances); see also Powell v. Marlais, Case No. 14-cv-05308-JST, 2016 WL 5462443, at *2-4, *13 (N.D. Cal. Sept. 29, 2016) (granting summary judgment for prison dentist against prison who requested antibiotics, pain medications and a root canal to address dental pain; prisoner had refused the offered care of extraction of two teeth, removal of four-tooth bridge, and provision of partial denture from prison dentist who believed there was no bacterial infection and that a root canal would not work); Pickett v. Repasky, Case No. C-11-4367 TEH (PR), 2012 WL 1231811, at 2 (N.D. Cal. Apr. 12, 2012) (no deliberate indifference where defendant failed to provide plaintiff his preferred treatment and offered an extraction or a root canal instead); Kunkel v. Dill, Case No. 1:09-cv-00686-LJO-BAM PC, 2012 WL 761247, at *24 (E.D. Cal. Mar. 7, 2012) (no deliberate indifference where defendant recommended extraction and did not provide plaintiff's desired treatment), report and recommendation adopted, 2012 WL 1856499 (E.D. Cal. May 21, 2012); Rosenberg v. Lappin, Case No. 09-1722-PA (SH), 2010 WL 4668317, at *7-8 (no deliberate indifference where plaintiff and defendant disagreed on whether to extract or prescribe antibiotics to treat an abscess in a tooth, and any pain plaintiff suffered during the period in which he refused extraction was his own doing), report and recommendation adopted, 2010 WL (C.D. Cal. Nov. 8, 2010). Furthermore, even if the treatment recommendations by Drs. Arakaki and Hanna were mistaken in hindsight, "inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation." Estelle v. Gamble, 429 U.S. at 106. Moreover, a difference of opinion between Plaintiff and Drs. Arakaki and Hanna (or between medical doctors) as to the appropriate course of treatment, is insufficient as a matter of law to constitute deliberate indifference. Snow v. McDaniel, 691 F.3d 978, 987 (9th Cir. 2012) ("[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."). Accordingly, Defendants' motion for summary judgment should be granted.

///

///

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment filed on September 4, 2019, be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 7, 2020**

UNITED STATES MAGISTRATE JUDGE