UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. ARAKAKI, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01404-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE<br><br>(Doc. No. 59) |

　　　　On May 1, 2020, the instant action filed pursuant to 42 U.S.C. § 1983 was dismissed and judgment was entered. (Doc. Nos. 57, 58.)

　　　　On October 14, 2022, Plaintiff filed a motion for reopen the case. (Doc. No. 59.) It appears that Plaintiff contends that he was not notified of the result in this case. (Id.)

　　　　"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances...." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) relief is extraordinary and will not apply to a showing which does not justify its application. See Stevens v. ITT Sys., Inc., 868 F.2d 1040, 1041 n.1 (9th Cir. 1989). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are committed to the sound discretion of the trial judge." Blair v. Shanahan, 38 F.3d 1514, 1518 (9th Cir. 1994) (citation omitted).

　　　　Rule 60(b) provides for relief from a judgment or order when the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered by due diligence before the court's decision; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) satisfaction of the judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); School Dist. 1J, Multnomah Cnty. v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Whether the court should grant relief "depends on at least four

factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). Thus, a district court may grant a motion for relief from judgment under Rule 60(b)(1) if the moving party can show mistake, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order" from which the moving party seeks relief. Fed. R. Civ. P. 60(c)(1).

Plaintiff's case was dismissed and judgment was entered on May 1, 2020, however Plaintiff did not file his motion to reopen the case until over two years Therefore, Plaintiff's motion was untimely under Rule 52(c) and 60(b).  Moreover, Plaintiff fails to meet any of the requirements for granting a motion under Rule 60(b). He has not shown "mistake, inadvertence, surprise, or excusable neglect." He has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Plaintiff has not presented any other reasons justifying relief from judgment.  The Court's May 1, 2020 dismissal order was served at Plaintiff's address of record which constitutes effective service.  Local Rule 182(f).  Indeed, the May 10, 2020, was not returned by the United States Postal Office as "undeliverable."

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to reopen the case is DENIED.

IT IS SO ORDERED.

Dated:   January 11, 2023                           /s/ signature
                                                     SENIOR DISTRICT JUDGE

2